**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

COSTAR REALTY INFORMATION, INC.,
2 Bethesda Metro Center, 10th Floor
Bethesda, Maryland 20814,

and

COSTAR GROUP, INC.,
2 Bethesda Metro Center, 10th Floor
Bethesda, Maryland 20814,

       Plaintiffs,

v.

MANHATTAN COMMERCIAL REALTY
CORPORATION,
1375 Broadway, Suite 600
New York, NY 10018-7001

       Defendants.

Civil Action No. _____

## <u>COMPLAINT</u>

Plaintiffs COSTAR REALTY INFORMATION, INC., a Delaware Corporation, and COSTAR GROUP, INC., a Delaware Corporation (collectively "CoStar" or "Plaintiffs"), for their Complaint against Defendant MANHATTAN COMMERCIAL REALTY CORPORATION ("MANHATTAN COMMERCIAL"), allege as follows:

## PARTIES

1.       CoStar Realty Information, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business and corporate offices located at 2 Bethesda Metro Center, 10th Floor, Bethesda, Maryland  20814-5388.

2.       CoStar Group, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business and corporate offices located at 2 Bethesda Metro Center, 10th Floor, Bethesda, Maryland  20814-5388.

3.       Defendant MANHATTAN COMMERCIAL is a business of unknown corporate form whose principal place of business is 1375 Broadway, Suite 600, New York, NY 10018-7001.

## JURISDICTION AND VENUE

4.       This Court has federal question jurisdiction over the action pursuant to 28 U.S.C. § 1331 as an action that arises under the laws of the United States.  The Court further has exclusive federal jurisdiction pursuant to 28 U.S.C. § 1338(a) as a case arising under the Copyright Act.  This Court has subject matter jurisdiction over CoStar's claims for unauthorized access to computers and related claims pursuant to 18 U.S.C. § 1030.

5.       This Court has diversity jurisdiction over the action pursuant to 28 U.S.C. § 1332.  The controversy is between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.  This Court has supplemental jurisdiction over Plaintiffs' claims arising under the laws of Maryland pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Plaintiffs' claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

6.     Venue is proper in this District pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to the claims occurred in this District, and a substantial part of the property that is the subject of the action is situated in this District.

7.     Personal jurisdiction over MANHATTAN COMMERCIAL is proper in this District because:  (a) by agreeing to a license agreement with CoStar, MANHATTAN COMMERCIAL agreed to be subject to the jurisdiction of Maryland courts; (b) by agreeing to the Terms of Use for the www.costar.com website MANHATTAN COMMERCIAL has consented to the jurisdiction of this Court; (c) MANHATTAN COMMERCIAL has committed tortious and other actionable acts alleged herein with foreseeable consequences in this District, and has caused actual tortious injury in this District; and (d) MANHATTAN COMMERCIAL has purposefully directed its unlawful behavior at this District by repeated electronic activity and interaction with CoStar's computer servers in Bethesda, Maryland, when logging into the subscription service at the www.costar.com website for business purposes.

## BACKGROUND

8.     CoStar is a leading national commercial real estate information services provider.  At enormous effort and expense, CoStar has created state-of-the-art software technology and research methods to develop one of the most comprehensive commercial real estate information databases available.  CoStar currently employs the services of approximately 800 trained research professionals, including a field research force with over 120 research photographers and a fleet of over 100 specially equipped field research vehicles, that canvass the country, building information and analysis and photographs that are integrated into an enormous database that is updated daily.

9.      CoStar's photographs and the other information in CoStar's databases are not part of a repository of information generally available for free.  CoStar licenses its information services to businesses, including primarily commercial real estate brokers, asset managers, mortgage lenders, investors, owners, property managers, security analysis, REIT professionals and appraisers/mortgage underwriters.  CoStar's information licenses, among other things, enable its licensees to find for themselves or their MANHATTAN COMMERCIALs available space for tenants, to match buyers to properties for sale, find tenants, research brokers, locate market-related information, and to value commercial real estate sales transactions.  CoStar's licensees can search CoStar's database by selecting from the more than 150 fields of information and analysis included in the file for each property to find those properties that suit their needs.  CoStar's licensees can search through CoStar's information in thousands of different ways to analyze various real estate markets, and thus access to CoStar's database greatly reduces the need for CoStar's licensees to spend money on conducting research to locate much of the very same information already collected, organized, developed and analyzed by CoStar.

10.      With the exception of a very limited amount of its information services CoStar makes available for no charge on the Internet at http://www.CoStar.com, access to CoStar's information services is offered only to authorized users.  Interested members of the general public can become authorized users either (a) by entering into an online agreement for *ad hoc* access and use, or (b) by entering into a written license agreement and subscribing to one or more of CoStar's information services.

11.      Access to CoStar's subscription information services and their associated databases is limited to those authorized users who gain authorization solely pursuant to written license agreements, which limit their access and use of CoStar's databases to specific numbers of licensed users and licensed

sites.  Licensed users are limited to employees of the licensee, or independent contractors working out of

the licensed site and exclusively for the licensee.  CoStar entered into a license agreement with

MANHATTAN COMMERCIAL in December, 2003.

12.     CoStar's written license agreement with MANHATTAN COMMERCIAL states the

following:

> This Agreement shall be construed under the laws of the State of Maryland of the
> U.S. without regard to choice of law principles.  The parties irrevocably consent
> to the **exclusive jurisdiction of the federal and state courts located in the State**
> **of Maryland for the purpose of any action brought in connection with this**
> **Agreement or use of the Licensed Product**. [emphasis added]

13.     Once a party executes a license agreement with CoStar, each of its authorized users is

provided with a user identification and password and is given authorized use for Internet-based access to

CoStar's subscription information services within the terms of the user's specific license.  An authorized

user must input a valid user identification and password at the "Subscriber Login Area" to gain

authorized access to CoStar's restricted access information services for which they are licensed.  The

Subscriber Login Area contains prominent notices advising the user on each occasion of their use.  "By

logging in you are agreeing to CoStar's terms of use." and "Access restricted to licensed users.  Sharing

of passwords is prohibited."  The authorized user must scroll through and "accept" the applicable online

Terms of Use the first time they use the product as well as at periodic intervals thereafter.  Furthermore,

a warning appears at the bottom of the homepage that reads:  "By using this site, you agree to our Terms

of Use."  Here too, by clicking on the underlined phrase, the user can view the terms of use.

14.     The Terms of Use provide:

> By accessing or using this Site (or any part thereof), you agree to be
> legally bound by the terms and conditions that follow (the "Terms of
> Use") as we may modify them from time to time.  These Terms of Use
> apply to your use of this Site, including the CoStar services and products

offered via the Site. **They constitute a legal contract between you and CoStar, and by accessing or using any part of the Site you represent and warrant that you have the right, power and authority to agree to and be bound by these Terms of Use.** If you do not agree to the Terms of Use, or if you do not have the right, power, and authority to agree to and be bound by these Terms of Use, you may not use the Site. (emphasis added).

15.     In addition, the Terms of Use specifically note that "[p]ortions of the [website] are available only to individuals or entities who purchase a subscription ('Subscribers') and who, as specified in these Terms of Use and/or in the associated written license agreement between the Subscriber and CoStar that authorizes use of the information or product(s) (the 'License Agreement'), are Authorized Users (as defined below) under such a subscription."

16.     Under the header "Prohibited Uses," the Terms of Use provide that "you shall not ... [a]ccess any portion of the [databases] unless you are an Authorized User for such [databases] using the Passcodes assigned to you by CoStar to access the components and services of the [databases] that your subscription authorizes you to access, subject to the terms contained therein and in these Terms of Use."

17.     The Terms of Use also state that "[u]pon your breach of any term of these Terms of Use or the License Agreement, CoStar's remedies shall include any monetary benefits that accrued to you as a result of the breach, any damages incurred by CoStar related to your breach and any other damages and relief available at law or in equity." The terms of use further provide that "CoStar shall be entitled to recover all costs, including attorney's fees."

18.     Finally, the Terms of Use provide that the user "irrevocably consent[s] to the jurisdiction of the federal and state courts located in the State of Maryland . . . for any action brought against you in connection with these Terms of Use or use of the Product."

### EVENTS GIVING RISE TO THE LAWSUIT

19.     MANHATTAN COMMERCIAL signed a License Agreement with CoStar in December 2006 for access to the CoStar Suite of commercial real estate information database products (including COSTAR PROPERTY®, COSTAR TENANT®, COSTAR COMPS®, and COSTAR EXCHANGE®) and related software for New York City - Manhattan market.

20.     Under Sections 1, 2 and 12 of MANHATTAN COMMERCIAL's License Agreement with CoStar, MANHATTAN COMMERCIAL agreed, among other things:  (a) not to provide third parties with access to or use of the CoStar database service, (b) not to sub-license or resell CoStar's information services to others, (c) not to share the MANHATTAN COMMERCIAL-specific IDs and passwords assigned by CoStar to non-Authorized Users, and (d) not to store, copy or export any portion of the licensed CoStar database service into any database or other software program, except as explicitly permitted by the CoStar-Resource License Agreement or by express written consent of CoStar.

21.     In violation of these provisions in its License Agreement with CoStar, MANHATTAN COMMERCIAL obtained user names and passwords for the Authorized Users it identified to CoStar and then provided such user names and passwords to other MANHATTAN COMMERCIAL personnel that are not Authorized Users and allowed and encouraged them to access and use CoStar's commercial real estate information subscription services for MANHATTAN COMMERCIAL's commercial purposes without authorization from CoStar.  In addition, upon information and belief, MANHATTAN COMMERCIAL provided user names and passwords to third parties who are not employees of MANHATTAN COMMERCIAL for those third parties' commercial benefit.  As a result of this misuse of MANHATTAN COMMERCIAL's user names and passwords, MANHATTAN COMMERCIAL violated its license agreement and paid license fees lower than those required by CoStar for the actual

number of users of CoStar's products.   Furthermore, the third parties receiving user names and passwords from MANHATTAN COMMERCIAL did not obtain valid license agreements from CoStar.

22.   By means of the unauthorized access to CoStar's products, MANHATTAN COMMERCIAL was able to make unauthorized copies and displays of CoStar's copyrighted databases and copyrighted photographs.

23.   Since at least January of 2007, MANHATTAN COMMERCIAL has also been systematically underpaying its license fees to CoStar.   In addition, MANHATTAN COMMERCIAL has not paid any of the invoices CoStar has sent for several months.   As of March 13, 2009, MANHATTAN COMMERCIAL is delinquent on $40,828.43 in invoices payable to CoStar.

<u>COUNT I</u>
<u>BREACH OF CONTRACT</u>

24.   CoStar re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 24 of the Complaint.

25.   The License Agreement between MANHATTAN COMMERCIAL and CoStar is a valid contract.

26.   MANHATTAN COMMERCIAL breached the License Agreement by: (1) providing, either directly or indirectly, CoStar user names and passcodes to employees who are not Authorized Users, who then accessed and used the CoStar database service without CoStar's authorization or consent for the benefit of MANHATTAN COMMERCIAL; (2) providing, either directly or indirectly, CoStar user names and passcodes to third parties who are neither Authorized Users nor employees or independent contractors of MANHATTAN COMMERCIAL, who then accessed and used the CoStar database service without CoStar's authorization or consent for the benefit of such third parties; (3) failing to pay the license fees due in whole or in part to CoStar.

27.     CoStar has been injured by MANHATTAN COMMERCIAL's breaches as described above.  Among other things, MANHATTAN COMMERCIAL's breach of contract has caused CoStar to lose the license fee revenue associated with the additional employees of MANHATTAN COMMERCIAL who should be legitimately licensed.  Furthermore, MANHATTAN COMMERCIAL's breach of contract has caused CoStar to lose the license fee revenue associated with the third parties to whom MANHATTAN COMMERCIAL provide CoStar access.  Some of CoStar's injury as a result of 's breaches resulted in damages to CoStar in an amount to be proven at trial.  CoStar will not have an adequate remedy at law for its entire injury, however, as some of its injury is irreparable.  Accordingly, CoStar is entitled to damages and injunctive relief.

## COUNT II
## COPYRIGHT INFRINGEMENT

28.     CoStar realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 24 of the Complaint.

29.     CoStar owns valid copyrights in the compilations of data, information, and original content that form its databases of commercial real estate property information.  CoStar has registered its copyrights in those compilations with the United States Copyright Office on a regular basis.

30.     CoStar also owns valid copyrights in millions of commercial real estate photographs taken by CoStar photographers.  CoStar has registered the vast majority of those photographs with the United States Copyright Office on a quarterly basis.

31.     By virtue of its unauthorized access to CoStar's products, MANHATTAN COMMERCIAL has been able to engage in infringement of CoStar's copyrights in its database compilations, including by reproducing, distributing and/or displaying original and protectable expression covered by CoStar's compilation copyrights.

32.     By virtue of its unauthorized access to CoStar's products, MANHATTAN COMMERCIAL has been able to infringe CoStar's copyrights in its commercial real estate photographs, including by reproducing, distributing and/or displaying such photographs.   Upon information and belief, MANHATTAN COMMERCIAL has infringed CoStar's copyrights in hundreds, if not thousands of photographs.   A set of 10 examples of these photographs, as well as the copyright registrations numbers corresponding to such photographs, are attached hereto as Exhibit A.

33.     MANHATTAN COMMERCIAL's infringement of CoStar's copyrights was willful and with notice of CoStar's copyrights in its database compilations and its photographs.

34.     Because CoStar registered its copyrights in the database compilations and commercial real estate photographs infringed by MANHATTAN COMMERCIAL's prior to its infringement and/or within three months of the publication of such copyrighted works, CoStar is entitled to an award of statutory damages of no less than $750 and up to $150,000 per work, as well as the attorney's fees and costs of prosecuting this action.   Based on a minimum of 10 copyrights infringed, CoStar's statutory damages should be assessed at up to $1,500,000.

35.     As a result of MANHATTAN COMMERCIAL's infringement, CoStar has suffered an injury for which there is no adequate remedy at law and that requires injunctive relief.

## PRAYER FOR RELIEF

   **WHEREFORE,** CoStar asks that this Court:

(1)     Enter a judgment against MANHATTAN COMMERCIAL that it has breached its contracts with CoStar;

(2)     Grant a preliminary and permanent injunction (a) restraining and enjoining Defendant and any of its principals, officers, agents, servants, employees, attorneys, successors and assigns, and all persons in active concert or participation with them, from (i) making any unauthorized access to or use of any CoStar database service, (ii) interfering with CoStar's current or prospective contracts pertaining to use and access of any CoStar's database, and (iii) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (ii) above; and (b) ordering Defendant and any of its principals, officers, agents, servants, employees, attorneys, successors and assigns, and all persons in active concert or participation with Defendant, to permanently delete and destroy all portions of any CoStar database service within their possession, and within ten (10) days provide CoStar with a signed affidavit certifying completion of such deletion/destruction;

(3)     Enter judgment against Defendant and in favor of CoStar for disgorgement of any amounts by which they was unjustly enriched;

(4)     Enter judgment against Defendant and in favor of CoStar for compensatory damages;

(5)     For an award of statutory damages of no less than $150,000 per copyrighted work as a result of Defendants' willful infringement of CoStar's copyrights.

(6)     For an award of the costs of this action, including reasonable attorneys' fees, pursuant to Defendant's license agreement with CoStar, 17 U.S.C. § 505 and other applicable laws.

(6)     Enter judgment against Defendants and in favor of CoStar for prejudgment interest, costs and attorneys' fees; and

(7)     Grant CoStar such other and further relief as is just.

Dated:  March 13, 2009                              Respectfully submitted,


_____/s/_____
William J. Sauers, Bar No. 17355
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone (202) 624-2500
Facsimile (202) 628-5116

Attorneys for Plaintiffs CoSTAR REALTY
INFORMATION, INC., a Delaware Corporation,
and CoSTAR GROUP, INC., a Delaware
Corporation

EXHIBIT A

| Property ID | Street Address | City, State | Zip | Date photo taken | Source | Shot by | Registration Number | Registration Date |
|---|---|---|---|---|---|---|---|---|
| 5656705 | 169 Bowery | New York, NY | 10002 | 2/15/2007 | Field Research | Nicholas Havholm | VA0001391697 | 5/11/2007 |
| 159450 | 459 Broadway | New York, NY | 10013 | 3/7/2007 | Field Research | Nicholas Havholm | VA0001391697 | 5/11/2007 |
| 925610 | 499 Broadway | New York, NY | 10012 | 9/2/2005 | Field Research | William Sorice | VA0001374871 | 9/13/2006 |
| 1548697 | 547 Broadway | New York, NY | 10012 | 9/14/2006 | Field Research | John Ferguson | VA0001389471 | 12/5/2006 |
| 4343941 | 55-65 Delancey St. | New York, NY | 10002-2940 | 2/15/2007 | Field Research | Nicholas Havholm | VA0001391697 | 5/11/2007 |
| 5679395 | 156-158 Hester St. | New York, NY | 10013 | 3/6/2007 | Field Research | Nicholas Havholm | VA0001391697 | 5/11/2007 |
| 48263 | 273 Lafayette St. | New York, NY | 10012-324 | 10/18/2006 | Field Research | John Ferguson | VA0001407558 | 3/27/2007 |
| 5751530 | 240 Park Ave S | New York, NY | 10003 | 4/7/2007 | Field Research | Nicholas Havholm | VA0001421692 | 7/2/2007 |
| 157505 | 230 W 41st St | New York, NY | 10036-7207 | 10/26/2007 | Field Research | Brian Van Sise | VA0001429144 | 1/18/2008 |
| 5673653 | 87 Bowery | New York, NY | 10002 | 3/5/2007 | Field Research | Nicholas Havholm | VA0001391697 | 5/11/2007 |